***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff is incarcerated in the North Carolina Department of Correction and is currently housed at the Albemarle Correctional Institute in Badin, North Carolina.
2. Plaintiff testified to the effect that, while incarcerated at the West Tennessee Detention Facility in 1996, which was under contract with defendant, he sustained an injury to his right ear, which has not received proper medical treatment. Plaintiff testified that his ear problems began after he was struck in the ear by a door that was pushed open.
3. Plaintiff's medical records show that he first complained to medical staff at West Tennessee Detention Facility of a knot on his right ear on February 2, 1996. Plaintiff told staff that he had attempted to open it up himself to drain it, but drew only blood.
4. Plaintiff was given Motrin for pain and other medications. Plaintiff was seen in follow-up initially on February 6 at which time the notes show an assessment of an infectious process in his right ear. Plaintiff was seen again on February 13. On February 20, the physician attempted to drain the fluid from plaintiff's ear and sent a sample for culture. A dermatology consult was also recommended by the physician.
5. Plaintiff was seen by medical staff and outside specialists in follow-up. Plaintiff was assessed by Dr. Richard Babin of River Bend Head Neck Associates, P.C. As set forth in Dr. Babin's letter of April 15, 1996, plaintiff's injury is now mostly scar tissue, and it is a cosmetic deformity. The injury does not affect plaintiff's hearing. Plaintiff has requested reconstructive surgery, which the Department of Correction has declined to provide as the purpose of such surgery would be strictly cosmetic.
6. The evidence fails to establish that plaintiff has not been given appropriate medical care for his right ear problems. The evidence also fails to establish that the reconstructive surgery plaintiff has requested is medically necessary.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that he has sustained injury to his right ear around February 1996 as a result of any negligence by the medical or correctional staff at the West Tennessee Detention Facility. Plaintiff has also failed to show any negligence on the part of employees of defendant with regard to the follow-up medical treatment he has received. Therefore, his claim must be denied pursuant to N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the 14th day of October 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER